## LOS ANGELES CITY CLUB v. WELCH, Collector of Internal Revenue.

### SAME v. GOODCELL.

#### Nos. 3280, 3281.

District Court, S. D. California, Central Division.

March 3, 1930.

Miller, Chevalier, Peeler & Wilson, of Los Angeles, Cal., for plaintiff.

Samuel W. McNabb, U. S. Atty., of Los Angeles, Cal., for defendant.

JAMES, District Judge.

The plaintiff brought two suits to recover, from two different collectors of internal revenue, moneys collected as a tax on dues paid by members of plaintiff club. The period of time in the case against Ex-Collector Goodcell was from October 1, 1923, to March 31, 1926, and the period concerned in the case against Collector Welch was from April 1, 1926, to March 31, 1927. By agreement of counsel, the cases were consolidated for the purposes of trial.

The question involved is whether the plaintiff, during the years referred to, was a "social" club. The law exacts a tax upon dues paid by members of a "social, athletic or sporting club or organization." The evidence presented in the case stands .without dispute. From the evidence I reach the con-clusion that the plaintiff was not a social club within the meaning of the Revenue Act, during the periods when the taxes involved were collected. Its main purpose, as defined by its charter, was "the improvement, by independent and disinterested methods, of the political, social and economical condition of the community * * * in order that, by friendly intercourse, exchange of views, accurate information and united activities, intelligent and effective cooperation in the work for civic betterment in the city of Los Angeles, county of Los Angeles, and in the state and nation, may be secured."

I think that it has appeared quite clearly that the social or entertainment features which were provided by the club organization were incidental only to the carrying out' of the predominant purpose as declared in the charter in the words quoted. In the absence of any conflict in the evidence, a detailed examination and discussion of the facts would serve no useful purpose.

In view of the conclusions expressed, findings and judgment are ordered to be entered in favor of the plaintiff in each case.